UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

EUGENIE SAMUEL REICH,
Plaintiff,

v.

U.S. DEPARTMENT OF ENERGY, OAK RIDGE
NATIONAL LABORATORY, and UT-BATTELLE,
Defendants.

Civil Action No.

09 CA 10883 NMG

MAGISTRATE JUDGE Sorokin

## COMPLAINT

1. This is an action under the Freedom of Information Act, 5 U.S.C. § 552, asking the Court to order production of two records about a government investigation into alleged fraud and misconduct by Stephen J. Pennycook, a group leader and senior staff scientist at Oak Ridge National Laboratory ("ORNL"). Oak Ridge National Laboratory is operated by UT-Battelle under a contract with the U.S. Department of Energy.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B). Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

## PARTIES

3.  Plaintiff, Eugenie Samuel Reich, of 120A Auburn St, Cambridge MA 02139, is a freelance science reporter. She has a record reporting on fraud in science and has published articles in *The Boston Globe*, the science journal *Nature*, and the magazine, *New Scientist*. She is the author of a book on science fraud.

4.  Defendant, the U.S. Department of Energy, of 1000 Independence Avenue, Washington DC, is an agency of the United States in the meaning of 5 U.S.C. § 552.

5.  Defendant, Oak Ridge National Laboratory, is an agency of the United States in the meaning of 5 U.S.C. § 552, and has a principal place of business at 1 Bethel Valley Road, PO Box 2008, MS 6265, Oak Ridge, TN 37831-6265

6.  Defendant, UT-Battelle, is an entity under government contract subject to 5 U.S.C. § 552 with a principal place of business at 1201 Oak Ridge Turnpike, Suite 100, Oak Ridge, TN 37830.

## FACTS

7.  In November 2006, allegations of fraud and misconduct by Stephen J. Pennycook of Oak Ridge National Laboratory and/or researchers working with him were reported in *The Boston Globe*, *Knoxville News Sentinel*, and the science journal *Nature*. Dr Pennycook is a prominent Department of Energy-funded researcher. According to information posted online by the U.S. Department of Energy at http://www.osti.gov/rdprojects/AdvancedSearchScreen.jsp in 2006, Dr Pennycook raises more than $2 million in Department of Energy grants annually for his work on electron microscopy, a field that involves the construction of large, expensive instruments to study materials on the atomic scale. Allegations of fraud against Dr Pennycook

relate to irregularities that occurred in the period from 1993 to 2006. In statements to plaintiff and to a reporter for the journal *Nature*, UT-Battelle and Oak Ridge National Laboratory manager James (Jim) Roberto has said that in July 2006 Oak Ridge National Lab completed an investigation into Dr Pennycook and/or others in accordance with the Federal Policy on Research Misconduct. See Exhibit One, News Articles.

8.  The Federal Policy on Research Misconduct (*Federal Register* **65**, 76260-76264, December 6 2000 and *Federal Register* **64**, 55722, October 14, 1999) is an important government policy that defines the statutory responsibilities of government contractors and agencies when allegations of misconduct are made. Under the policy, statutory responsibilities include the holding of an investigation by the government contractor, and the disposition of the resulting records to the government agency. The policy says: "When an investigation is complete, the research institution will forward to the agency a copy of the evidentiary record, the investigative report, recommendations made to the institution's adjudicating official, and the subject's written response to the recommendations (if any)." See Exhibit Two, Federal Policy on Research Misconduct.

9.  In this case, by November 2006, the U.S. Department of Energy had been kept "informed throughout the process, including the results of internal and independent external reviews commissioned by the Laboratory," according to an email comment from Department of Energy Press Officer, Jeff Sherwood. See Exhibit Three, Email Comment.

10.  On December 8th and 9th, 2006, plaintiff requested four records under 5 U.S.C. § 552. Two of these records were:

"the following record held at the US Department of Energy's Office of Science.
The final investigation report from the investigation panel convened by Jim Roberto of ORNL to investigate fraud and research misconduct allegations made through the journal Nature against researchers in the group of Steve Pennycook of ORNL during the summer of 2006. I intend here to cover the report on allegations against the published 1993 Nature paper by Nigel Browning Matt Chisholm and Steve Pennycook, and the report covering

allegations against the submitted 2006 Nature Physics paper and the online 2006 papers of Maria Varela and others including Steve Pennycook." ("the OS report")

and

"the following record held at Oak Ridge National Laboratory (ORNL):
The final investigation report from the investigation panel convened by Jim Roberto of ORNL to investigate fraud and research misconduct allegations made through the journal Nature against researchers in the group of Steve Pennycook of ORNL during the summer of 2006. I intend here to cover the report on allegations against the published 1993 Nature paper by Nigel Browning Matt Chisholm and Steve Pennycook, and the report covering allegations against the submitted 2006 Nature Physics paper and the online 2006 papers of Maria Varela and others including Steve Pennycook." ("the ORNL report")

See Exhibit Four, Original FOIA requests.

11. By electronic mail dated February 1st, 2007, plaintiff's request for the ORNL report was "closed" by Oak Ridge National Laboratory and Department of Energy official Amy Rothrock, who claimed that a search had been conducted at Oak Ridge National Laboratory, and that the OS report and the ORNL report were found to be "the same records." Ms Rothrock did not grant a right of appeal. See Exhibit Five, Closure by Amy Rothrock.

12. By letter dated June 6th, 2007, Dr Patricia Dehmer denied plaintiff's request for the OS report with the claim that the record sought was "not an agency record." See Exhibit Nine, Patricia Dehmer Denial.

13. Plaintiff appealed to Office of Hearings and Appeals at the U.S. Department of Energy ("OHA"), which granted the appeal, ruled that the OS report *was* an agency record, and ordered by letter and as a final order of the U.S. Department of Energy on July 11th 2007 that Dr Dehmer be overruled and that Raymond L. Orbach, Director of the Office of Science, reach a new determination. The OHA found that UT-Battelle had provided the ORNL and the OS reports to the government to assist with fulfillment of the government's responsibilities under the Federal Policy on Research Misconduct. OHA also found that copies of the ORNL report had been enclosed in binders marked "Do Not Duplicate" and provided to U.S. Department of

Energy personnel. The binders were then retrieved by UT-Battelle and Oak Ridge National Lab officials. OHA found further that the OS report had been sent from UT-Battelle and Oak Ridge National Lab to U.S. Department of Energy's Patricia Dehmer and stored as an email. OHA concluded that the OS report was a government record despite attempts by UT Battelle and Oak Ridge National Laboratory to limit government access to it, because it came into the government's possession and because agency "personnel relied upon the report to determine that the investigation was conducted appropriately." In addition, OHA found that the record was a government record because it came into the agency's possession "in the legitimate conduct of its official duties" (Tax Analysts, 492 U.S. at 146). See Exhibit Ten, OHA Appeal Granted.

14. By letter dated January 15th, 2008, the U.S. Department of Energy revealed for the first time that the ORNL report and the OS report were not "the same records" (compare to Amy Rothrock's statement in Exhibit Five, covered in paragraph 11 above). Specifically, the OS report was missing appendices that formed part of the ORNL report. The letter also denied access to the OS report, with the claim that it was exempt from disclosure under Exemptions 5 and 6, 5 U.S.C. §552(b). Defendant made no attempt to segregate exempt and non-exempt information. See Exhibit Six, Raymond Orbach Denial.

15. By letter dated September 21st 2008, plaintiff appealed Dr Orbach's denial to OHA. The appeal letter contained several substantive arguments. See Exhibit Seven, Appeal Letter.

16. As part of that appeal, Plaintiff asked OHA to "establish the relationship between the two reports definitively before ruling." See id., page 6.

19. By letter and final order dated October 28th, 2008, plaintiff's appeal was denied by OHA, which granted rights of judicial review. OHA made no response to plaintiff's substantive arguments. OHA did not establish the relationship between the two reports definitively before ruling. OHA made no attempt to order the segregation of exempt and non-exempt information. See Exhibit Eight, OHA Denial.

20. The U.S. Department of Energy (USDOE) has claimed that the status of records is defined by clauses in the contract between the U.S. Department of Energy and UT-Battelle. The contract is available online at http://www.ornl.gov/adm/prime_contract/UT-BattelleContract.htm. See Exhibit Eleven, Contract Clauses. Clause I-155 of the contract describes the disposition of records to the government following allegations of research misconduct and refers to 10 CFR 733 (also included in Exhibit Eleven, Contract Clauses). Both Clause 155 and 10 CFR 733 say: "When an investigation is complete, the contractor will forward to the contracting officer a copy of the evidentiary record, the investigative report, any recommendations made to the contractor's adjudicating official, and the adjudicating official's decision and notification of any corrective action taken or planned, and the subject's written response (if any)."

21. Clause I-113 of the contract between the U.S. Department of Energy and UT-Battelle distinguishes between government-owned records and contractor-owned records. I-113 (b) deals with "contractor-owned records" and says, "the contracting officer shall identify which of the following categories of records will be included" in the clause. The clause goes on to mention "records generated during the course of responding to allegations of research misconduct." (Exhibit Eleven, Contract Clauses). The ORNL and OS reports are records generated during the course of responding to allegations of research misconduct that must be

forwarded to the government under Clause 155 of the same contract, under 10 CFR 733 (Exhibit Eleven, Contract Clauses) and under the Federal Policy on Research Misconduct (Exhibit Two, Federal Policy on Research Misconduct), in order that the government can provide oversight of contractor investigations. In the case of the OS report, OHA has conceded that the contracting officials at the Office of Science at the Department of Energy must identify the record as a government record (Exhibit Ten, OHA Appeal Granted).

22. Clause I-113 (d) of the contract between USDOE and UT-Battelle says that all records acquired or generated by the contractor, "including those described at paragraph (b) of this clause, shall be subject to inspection, copying and audit by the government" and that "the government or its designees shall use such records in accordance with applicable federal laws (including the Privacy Act) as appropriate." (Exhibit Eleven, Contract Clauses) The applicable federal laws include 5 U.S.C. § 552.

## COUNT I
(Violation of FOIA by all Defendants)

23. Plaintiff repeats and re-alleges paragraphs 1-22.

24. Defendants Oak Ridge National Lab, UT-Battelle, and the U.S Department of Energy cooperated on a search of Oak Ridge National Laboratory and a closure of plaintiff's request for the ORNL report.

25. Defendants Oak Ridge National Lab, UT-Battelle and the U.S. Department of Energy falsely claimed that the ORNL report was the "same" record as the OS report when several appendices were missing. OHA of the U.S. Department of Energy subsequently declined an opportunity to establish the relationship between the two reports definitively.

26. By wrongly withholding the ORNL report from release, Defendants Oak Ridge National Lab, UT-Battelle, and the U.S Department of Energy violated 5 U.S.C. § 552.

## COUNT II

(Violation of FOIA by Defendant UT-Battelle and Oak Ridge National Laboratory)

27. Plaintiff repeats and re-alleges paragraphs 1-22.

28. Defendants UT-Battelle and Oak Ridge National Laboratory tried to limit U.S. government access to and possession of the ORNL report by enclosing copies in binders marked "Do Not Duplicate" before providing the copies to government officials for oversight purposes, and by retrieving the binders from the government officials, and in other ways. According to the Office of Hearings and Appeals at the Department of Energy, UT-Battelle and Oak Ridge National Lab limited government use of the ORNL report by such measures (Exhibit Ten, OHA Appeal Granted). Yet clause I-113 in the U.S Department of Energy contract with UT-Battelle says that records generated in the course of responding to misconduct allegations, among other categories of record, "shall be subject to inspection, copying and audit by the government." (Exhibit Eleven, Contract Clauses) Furthermore, Clause I-155 of the same contract, 10 CFR 733, and the Federal Policy on Research Misconduct, stipulate that investigation reports must be forwarded to the government to enable oversight of alleged research misconduct investigation by government agency officials (Exhibit Two, Federal Policy on Research Misconduct and Exhibit Eleven, Contract Clauses). The Freedom of Information Act 5 U.S.C. § 552 covers any information, "maintained for an agency by an entity under Government contract, for the purposes of records management." As such, the ORNL report is subject to duplication and access under 5 U.S.C. § 552.

29. In so doing, Defendants UT-Battelle and Oak Ridge National Lab violated 5 U.S.C. § 552.

## COUNT III

(Violation of FOIA by Defendant U.S. Department of Energy)

30. Plaintiff repeats and re-alleges paragraphs 1-22.

31. On appeal, Defendant US Department of Energy had no substantive response to several of plaintiff's substantive arguments against the application of Exemptions 5 and 6 of 5 U.S.C. § 552 to the OS report.

32. Defendant US Department of Energy wrongly denied plaintiff's appeal.

33. Defendant US Department of Energy made no attempt to order the segregation of exempt and non-exempt information from the OS report.

34. In so doing, Defendant U.S. Department of Energy violated 5 U.S.C. § 552.

## REQUESTED RELIEF

WHEREFORE, plaintiff respectfully requests that the Court:

(1) Order the Defendants to release a copy of the OS report;

(2) Order the Defendants to release a copy of the ORNL report;

(3) Expedite this proceeding as provided for in 28 U.S.C. § 1657;

(4) Award plaintiff reasonable costs and attorney's fees in this action, as provided for in 5 U.S.C. § 552(a)(4)(E); and

(5) Grant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

*E Reich*

Eugenie Samuel Reich
PRO SE
120A Auburn St.
Cambridge MA 02139
(617) 354 0329
eugenie.reich@gmail.com

Date: 27th May 2009