United States District Court
District of Massachusetts

```
_____
                               )
EUGENIE SAMUEL REICH,          )
        Plaintiff,             )
                               )
      v.                       )  Civil Action No.
                               )  09-10883-NMG
U.S. DEPARTMENT OF ENERGY and  )
OAK RIDGE NATIONAL LABORATORY, )
        Defendants.            )
_____)
```

**MEMORANDUM & ORDER**

**GORTON, J.**

Plaintiff Eugenie Samuel Reich ("Reich") seeks an order, pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, requiring defendants to produce an investigation report ("the Investigation Report") regarding allegations of research fraud and misconduct by certain scientists working at defendant Oak Ridge National Laboratory ("Oak Ridge"). The facts of the case are stated in the Court's prior memorandum and order entered March 17, 2011 (Docket No. 53) ("March, 2011 M&O") and will not be repeated here. Reich v. U.S. Dep't of Energy, Civ. A. No. 09-10883, 2011 WL 977602 (D. Mass. Mar. 17, 2011).

## I. Procedural Background

In March, 2011, the Court allowed defendants' motion for summary judgment. Id. Reich subsequently moved for reconsideration of that motion on the ground that the Court had ruled on defendants' motion for summary judgment before she had

-1-

had an opportunity to oppose it. The Court treated her lengthy memoranda in support of her motion for discovery pursuant to Fed. R. Civ. P. 56(f) as not only supporting her request for discovery but also as an opposition to the motion for summary judgment. Recognizing that its previous order may have been ambiguous with respect to the filing of plaintiff's opposition to the motion for summary judgment, the Court allowed plaintiff's motion for reconsideration with respect to its ruling on the summary judgment motion only and afforded plaintiff the opportunity to file an opposition. Reich v. U.S. Dep't of Energy, Civ. A. No. 09-10883, 2011 WL 2747524 (D. Mass. July 8, 2011). The summary judgment motion is now fully briefed and ripe for adjudication. In addition, defendants have moved to strike portions of plaintiff's declaration and statement of facts for failure to comply with Fed. R. Civ. P. 56(c)(4).

## II.  **Defendants' Motion to Strike**

Defendants move to strike portions of plaintiff's Second Declaration and Statement of Facts for failure to comply with Fed. R. Civ. P. 56(c)(4), which provides that:

> An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

Defendants object to certain paragraphs in plaintiff's Second Declaration primarily on the grounds that they are not based on

personal knowledge or constitute hearsay.  Although the Court declines to address many of the objections that defendants raise and will deny the motion to strike, it will disregard any statements made in plaintiff's declaration which do not conform to the requirements of Fed. R. Civ. P. 56(c)(4).

The Court also agrees with defendants that plaintiff's Statement of Facts is unreasonably verbose and contains improper legal argument.  The statement of material facts is intended to be "concise" and may not be used to circumvent the 25-page limitation on summary judgment memoranda.  D. Mass. R. 56.1. Thus, the Court will deny defendants' motion to strike but declines to consider any improper legal argument made in plaintiff's Statement of Facts.

### III. **Defendants' Motion for Summary Judgment**

#### A. **Summary Judgment Standard**

The role of summary judgment is "to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial."  Mesnick v. Gen. Elec. Co., 950 F.2d 816, 822 (1st Cir. 1991) (quoting Garside v. Osco Drug, Inc., 895 F.2d 46, 50 (1st Cir. 1990)).  The burden is upon the moving party to show, based upon the pleadings, discovery and affidavits, "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).

A fact is material if it "might affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "Factual disputes that are irrelevant or unnecessary will not be counted." Id. A genuine issue of material fact exists where the evidence with respect to the material fact in dispute "is such that a reasonable jury could return a verdict for the nonmoving party." Id.

Once the moving party has satisfied its burden, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine, triable issue. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). The Court must view the entire record in the light most hospitable to the non-moving party and indulge all reasonable inferences in that party's favor. O'Connor v. Steeves, 994 F.2d 905, 907 (1st Cir. 1993). Summary judgment is appropriate if, after viewing the record in the non-moving party's favor, the Court determines that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law.

**B.   Standard for FOIA Orders**

The FOIA gives district courts jurisdiction to order a federal agency to produce improperly withheld agency records. 5 U.S.C. § 552(a)(4)(B). The agency bears the burden of justifying its withholding of documents. Id.; Hayden v. N.S.A., 608 F.2d 1381, 1386 (D.C. Cir. 1979). The Court is to determine

the matter de novo.  5 U.S.C. § 552(a)(4)(B).

**C.   Oak Ridge as a Defendant**

The defendants contend that Oak Ridge is not a proper defendant because it is not a federal agency or even a legal entity.  For the reasons set forth in its March, 2011 M&O, the Court finds that Oak Ridge is not an appropriate defendant in this action and will allow defendants' motion for summary judgment with respect to that entity.

**D.   Whether the Requested Materials are Agency Records**

The DOE maintains that the Investigation Report is not an agency record subject to the FOIA.  In order for a record to be considered an "agency record", the agency must first create or obtain that record.  Forsham v. Harris, 445 U.S. 169, 182 (1980).  Here, the DOE obtained a copy of the Investigation Report by email on August 15, 2006 and a hard copy on March 1, 2007.[1]  Thus, it is clear that the DOE obtained the Investigation Report at some point.  Consequently, the Court will concentrate its inquiry on the second criterion for an agency record, i.e. agency control.

In order to be considered agency records, the requested materials must be under agency control at the time the FOIA

---

[1] Plaintiff argues that there is a genuine issue of material fact with respect to whether the emailed copy was a draft or a final version of the Investigation Report.  The Court concludes, nevertheless, that such a distinction is immaterial because neither version is an agency record.

request is made.  U.S. Dep't of Justice v. Tax Analysts, 492 U.S. 136, 145 (1989) ("Tax Analysts I").  Control means that the agency possessed the record "in the legitimate conduct of its official duties."  Id.  The agency's right to access or to obtain permanent custody, however, is not dispositive.  Forsham, 445 U.S. at 185-86.  Federal courts have looked at four factors to assess whether an agency exercises sufficient control over records:

> (1) the intent of the document's creator to retain or relinquish control over the records;
>
> (2) the ability of the agency to use and dispose of the record as it sees fit;
>
> (3) the extent to which agency personnel have read or relied upon the document; and
>
> (4) the degree to which the document was integrated into the agency's record system or files.

Consumer Fed'n of Am. v. Dep't of Agric., 455 F.3d 283, 288 n.7 (D.C. Cir. 2006) (internal citations omitted).  Courts consider the third and fourth factors to be the most important.  See, e.g., Judicial Watch, Inc. v. Fed. Housing Fin. Agency, 744 F. Supp. 2d 228, 234 (D.D.C. 2010); Citizens for Responsibility & Ethics in Wash. v. U.S. Dep't of Homeland Sec., 527 F. Supp. 2d 76, 97-98 (D.D.C. 2007) ("Citizens for Responsibility") ("an agency's actual use of a document is often more probative than the agency's subjective intent.").

In her opposition, plaintiff argues that there are genuine

issues of material fact relating to agency control that preclude summary judgment. Defendants respond, and the Court agrees, that the parties only disagree with respect to the legal implications of the undisputed facts and, as such, summary judgment is appropriate here. Without reiterating the analysis set forth in its March, 2011 M&O, the Court will allow defendants' motion for summary judgment for the reasons enunciated in that decision and elaborated upon below.

### 1. Intent

Reich first argues that UT-Battelle, the private company which manages Oak Ridge, intended to relinquish control of the Investigation Report to the Department of Energy ("DOE"), as evidenced by the fact that James Roberto, Director of Strategic Capabilities at Oak Ridge and Senior Vice President of UT-Battelle, sent a copy to Patricia Dehmer at the DOE Office of Science, where it remained for eight days. As stated in its March, 2011 M&O, the Court agrees that those facts weigh in favor of a finding that the Investigation Report, or at least that version of it, is an agency record.

### 2. Ability to Use and Dispose of the Document

With respect to the second factor, Reich maintains that statements made to her in an email on November 22, 2007 by Michael Bradley, an employee of UT-Battelle at Oak Ridge, demonstrate that UT-Battelle placed no restrictions on the DOE's

ability to access, review or copy the Investigation Report. Those statements, however, are contradicted by the written notice included with each copy of the Investigation Report explicitly stating that the Investigation Report

> contains confidential-business sensitive information belonging to UT-Battelle and [was] not to be copied or disclosed to others without written authorization from UT-Battelle.

Moreover, an agency's right to access or to obtain permanent custody of a document does not necessarily indicate that the document is an agency record. Forsham, 445 U.S. at 185-86.

Reich contends that the case upon which this Court relied in its March, 2011 M&O, Tax Analysts v. U.S. Department of Justice, 913 F. Supp. 599, 607 (D.D.C. 1996) ("Tax Analysts II"), is distinguishable from this case and that this case is more analogous to Citizens for Responsibility, 527 F. Supp. 2d at 93-94. The Court disagrees. In Citizens for Responsibility, the documents at issue were used by the United States Secret Service on a daily basis and were disposable by that agency as it saw fit. 527 F. Supp. 2d at 97. In contrast, the Investigation Report at issue here was scanned by one DOE employee only, who claims that she did not use or rely on the report at all. Moreover, in Tax Analysts II, similar to this case, the documents at issue were subject to an explicit, contractual provision stating that those documents were not agency records. 913 F. Supp. at 607. Thus, the Court finds that the second factor

weighs against a finding that the Investigation Report is an agency record.

### 3. Extent to Which Agency Personnel Read or Relied Upon the Document

Plaintiff's third assertion is that there is a genuine issue of material fact with respect to whether DOE personnel read or relied upon the Investigation Report. Reich points to the facts that Patricia Dehmer received an email and hard copy of the Report, scanned it and commented that it "reflected the discussions she had with [Oak Ridge]". Dehmer also attended two meetings where copies of the report were available and the findings were presented orally.

Reich argues that the DOE's involvement with the Investigation Report was more significant than 1) the agency's involvement in Judicial Watch, Inc., 744 F. Supp. 2d at 235, in which the Court held that the documents at issue were not under agency control because no agency employee had read them, and 2) the situation in Consumer Federation of America, 455 F.3d at 293, in which the Court found that an employee's electronic appointment calendar stored on an agency computer was not under agency control because it was not distributed to other employees. The Court respectfully disagrees and, instead, concludes that the DOE's use of the Investigation Report was so minimal as to be analogous to no use at all because Dehmer merely scanned the document and did not distribute it to other employees. See

Consumer Fed'n of Am., 455 F.3d at 293.

### 4. Degree to Which the Document was Integrated into the Agency's Record System or Files

With respect to the fourth factor, Reich points out that the DOE retains a copy of the Investigation Report in its archives and was able to submit that copy to the Court for in camera review. She also contends that there is a genuine issue of material fact with respect to the sufficiency of the DOE's search for any copies of the Investigation Report in its possession.

Reich's arguments do not change the Court's earlier analysis. An agency's possession of a copy of a document does not automatically mean that the document is an agency record. See Citizens for Responsibility, 527 F. Supp. 2d at 96.

When viewed together, the several pertinent factors lead the Court to conclude that the Investigation Report is not an agency record. Consequently, the Court lacks jurisdiction to order the DOE to produce the Investigation Report pursuant to the FOIA and the defendants' motion for summary judgment will be allowed.

**E. FOIA Exemptions**

Even if the Investigation Report were to be considered an agency report, however, it falls within a number of the FOIA exemptions. First, the Court finds that the Investigation Report is protected from disclosure by FOIA Exemption 7(C) because it was created for a law enforcement purpose and its disclosure would "reasonably be expected to constitute an unwarranted

invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C); see McCutchen v. U.S. Dep't of Health & Human Servs., 30 F.3d 183, 187-88 (D.C. Cir. 1994) (applying Exemption 7(C) to withhold the identities of targets of research misconduct investigations because allegations of professional misconduct "carry a stigma and can damage a career."); see also Dunkelberger v. Dep't of Justice, 906 F.2d 779, 781 (D.C. Cir. 1990) (upholding the Federal Bureau of Investigation's refusal to disclose employment records because "a government employee has at least a minimal privacy interest in his own employment record and evaluation history").

The Investigation Report is also shielded by FOIA Exemption 6 which protects

> personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.

5 U.S.C. § 552(b)(6). That is particularly so here, where the Investigation Report relates to dismissed allegations of misconduct by individuals employed by a privately-operated facility and does not elaborate upon the operations of the DOE. See Carter v. U.S. Dep't of Commerce, 830 F.2d 388, 394 (D.C. Cir. 1987) (attorney misconduct investigation files properly withheld under Exemption 6 because they implicated privacy interests outweighing the public interest in transparency of government operations.)

Plaintiff claims that UT-Battelle waived any basis for

claiming a privacy-related FOIA exemption because someone at UT-Battelle or Oak Ridge gave copies of the Investigation Report to editors at two scientific journals and posted a summary of the investigation on the Oak Ridge website. That website includes the names and biographies of the panel members. First, Reich has proffered no credible evidence that copies of the Investigation Report were disclosed to editors of scientific journals. Second, the fact that some information about the investigation was released to the public does not indicate that the privacy of the entire document was waived. Wolf v. C.I.A., 473 F.3d 370, 378 (D.C. Cir. 2007).

In sum, the Court finds that defendants have met their burden of justifying the withholding of the Investigation Report.

### ORDER

In accordance with the foregoing, defendants' motion for summary judgment (Docket No. 35) is **ALLOWED** and defendants' motion to strike (Docket No. 78) is **DENIED.**

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated August 19, 2011